# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES SCOTT, SR.,

    Plaintiff,

v.

COWLEY DISTRUBTING, INC.,

    Defendant.

Case No. 16-2831-JAR-JPO

## MEMORANDUM AND ORDER

    Plaintiff James Scott brings this action *pro se* against his employer, Defendant Cowley Distributing, Inc., alleging claims of discrimination and retaliation on the basis of his religion and race, and a separate claim alleging a racially hostile work environment. Before the Court are several motions: Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 9), Motion to Dismiss for Improper Venue or in the Alternative to Transfer (Doc. 13), and Motion to Strike Plaintiff's Response to Defendant's Reply to Plaintiff's Suggestions in Opposition to Defendant's Motion to Dismiss (Doc. 16); and Plaintiff's Motion to File First Amended Complaint (Doc. 11).

    As described more fully below, Plaintiff's motion for leave to amend is granted, and Defendant's motions to dismiss are denied. The Court grants Defendant's alternative request for transfer to the Western District of Missouri Central Division. Finally, the Court denies Defendant's motion to strike. Because Plaintiff's brief in opposition to Defendant's first motion to dismiss included a motion for leave to amend,[1] Defendant's reply to the motion may also be

---

[1] Doc. 11.

construed as a response to the motion for leave to amend.[2] Thus, Plaintiff was entitled to file a reply under this District's local rules.[3]

## I.     Motion for Leave to Amend

Plaintiff is entitled to amend once as a matter of course 21 days after service of a motion under Rule 12(b), if it is a pleading to which a responsive pleading is required.[4] Plaintiff's motion to amend was filed 21 days after Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). He has not previously amended, so he is entitled to amend once as a matter of course. Plaintiff's motion to file his proposed First Amended Complaint[5] is therefore granted, and the Clerk is directed to file the proposed pleading. The Court considers Plaintiff's amended pleading when ruling on Defendant's motions to dismiss and transfer.

## II.    Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction and under 12(b)(6) for Failure to State a Claim

Defendant's first motion to dismiss was styled as a motion to dismiss under both Rule 12(b)(1) and 12(b)(6). The basis for Defendant's subject matter jurisdiction challenge was that the Plaintiff failed to allege sufficient facts in the original Complaint to demonstrate the presence of a federal question under 28 U.S.C. § 1331. Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally.[6] However, the Court does not assume the role of advocate.[7] Also, Plaintiff's *pro se* status does not excuse him from "the burden of alleging sufficient facts on

---

[2]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (providing that the Court must construe pro se pleadings liberally).

[3]*See* D. Kan. R. 7.1.

[4]Fed. R. Civ. P. 15(a)(1)(B).

[5]Doc. 11-1.

[6]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Id.*

which a recognized legal claim could be based."[8] Plaintiff is not relieved from complying with the rules of the court or facing the consequences of noncompliance.[9]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[10] A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent jurisdiction is lacking.[11] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[12] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[13] Mere conclusory allegations of jurisdiction are not enough.[14] However, the Court "is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case."[15]

Defendants challenge the Court's subject matter jurisdiction by arguing that Plaintiff fails to allege sufficient facts to support a claim under Title VII.[16] Here, because jurisdiction is predicated on the existence of a federal question, determining whether the original or amended

---

[8] *Id.*

[9] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[10] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction form the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal citations omitted).

[11] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014).

[12] *Montoya*, 296 F.3d at 955.

[13] *Harms v. IRS*, 146 F. Supp. 2d 1128, 1130 (D. Kan. 2001).

[14] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[15] *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[16] *See, e.g.*, Doc. 10 at 7 ("Scott has plead no essential elements showing any alleged discriminatory action on behalf of Cowley."), 8 ("Scott plead nothing that rises to the level of harassment.").

pleading contains a short and plain statement of the grounds for the court's jurisdiction requires an evaluation of the substantive claim.[17] Thus the Court must convert Defendant's motion to dismiss for lack of subject matter jurisdiction into a Rule 12(b)(6) motion. But because the original Complaint is no longer operative, this motion is moot.[18] The Court has reviewed the Amended Complaint and is satisfied that it alleges a federal question—it clearly alleges claims under Title VII and 42 U.S.C. § 1981, federal statutes.

### III. Motion to Dismiss under Fed. R. Civ. P. 12(b)(3) for Improper Venue, or in the Alternative, Motion to Transfer

Having granted the motion for leave to amend, and having satisfied itself of the Court's subject matter jurisdiction, the Court turns to Defendant's motion for improper venue under Rule 12(b)(3). Plaintiff did not timely respond to the motion, so the Court issued an Order to Show Cause why the motion should not be granted as unopposed. Plaintiff responded with several arguments about why this case should not be dismissed for improper venue, but stated that he did not object to the Court transferring this case for the convenience of the parties and in the interest of justice.

#### A. Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3)

28 U.S.C. § 1391(b) guides the Court in determining whether venue is appropriate. First, venue is appropriate in a district in which the defendant resides.[19] Second, venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the

---

[17]*Holt*, 35 F.3d at 1003 ("The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.").

[18]Defendant makes the conclusory argument in the reply brief that the Amended Complaint does not cure the jurisdictional defect, but fails to coherently explain why. Doc. 12 at 6. Plaintiff's Complaint repeatedly alleges discriminatory and retaliatory conduct on the basis of his religion and race. Without commenting on whether these allegations state a claim upon which relief may be granted—a separate question—they clearly allege that Defendant discriminated and retaliated against him on the basis of his race and religion. These allegations arise under federal statutes and are sufficient to invoke the Court's jurisdiction under 28 U.S.C. § 1331.

[19]28 U.S.C. § 1391(b)(1).

claim occurred, or a substantial part of property that is the subject of the action is situated."[20] Finally, if there is no other district in which the case can be brought, it can be brought in any judicial district in which the defendant is subject to personal jurisdiction.[21] The procedure for deciding a motion to dismiss for improper venue is generally the same as on a motion to dismiss for personal jurisdiction.[22] In the absence of an evidentiary hearing, as in this case, the plaintiff must make only a prima facie showing of venue to defeat a motion to dismiss.[23] Allegations in a complaint are accepted as true if they are plausible, non-conclusory, and non-speculative, to the extent that they are not controverted by submitted affidavits.[24] When a defendant has produced evidence to support its venue challenge, a plaintiff has a duty to come forward with competent proof in support of the jurisdictional allegations of the complaint.[25] The court resolves all factual disputes in favor of the plaintiff.[26] Conflicting affidavits are also resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."[27]

First, despite having styled this motion as a motion to dismiss for improper venue, Defendant apparently also challenges personal jurisdiction because it argues that Kansas exercising personal jurisdiction would "offend traditional notions of 'fair play and substantial

---

[20]*Id.* § 1391(b)(2).

[21]*Id.* § 1391(b)(3).

[22]*Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006).

[23]*Id.*

[24]*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989); *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010 (1985).

[25]*Pytlik*, 887 F.2d at 1376.

[26]*Dudnikov*, 514 F.3d at 1070.

[27]*Behagen*, 744 F.2d at 733.

justice.'"[28] Federal courts follow state law "in determining the bounds of their jurisdiction over persons."[29] To establish personal jurisdiction over a defendant, a plaintiff must show that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.[30] The Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, therefore the Court proceeds directly to the constitutional analysis.[31]

The due process analysis is comprised of two steps. First, the court must consider whether the defendant has such minimum contacts with the forum state "that he should reasonably anticipate being haled into court there."[32] If the requisite minimum contacts are found, the Court will proceed to the second step in the due process analysis—ensuring that the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'"[33]

Given the facts alleged in the Amended Complaint, and the admitted ties to Kansas set forth in the affidavit of John A. Cowley, attached to the motion, Defendant understandably does not dispute that it has minimum contacts with the State of Kansas. Defendant has a distribution center in Lenexa, Kansas, which is where Plaintiff begins each of his workdays as a delivery driver. Plaintiff picks up magazines and books at the Lenexa distribution center, and proceeds to his delivery route, which has stops in both Kansas and Missouri. Cowley's affidavit does not

---

[28]Doc. 14 at 4.

[29]*Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014).

[30]*Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[31]*Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)).

[32]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159–60 (10th Cir. 2010) (citing *OMI Holdings, Inc.*, 149 F.3d at 1091).

[33]*See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

controvert Plaintiff's verified contentions in his response to the order to show cause that: (1) the disciplinary meeting in March 2016 referenced in the Amended Complaint and in Cowley's affidavit took place in Lenexa, Kansas; (2) Plaintiff hand-delivered his grievance to an HR officer at the Lenexa facility; (3) Plaintiff met with managers about his grievance at the Lenexa facility in June 2016; (4) the alleged racially hostile comments by other employees happened at the Lenexa facility; (5) Plaintiff complained about the lack of promotional opportunities to a manager at the Lenexa facility; and (6) Plaintiff was disciplined about loading his van on an "off day" at the Lenexa facility. The presence of a distribution facility in the State of Kansas creates a strong showing of minimum contacts. Moreover, Plaintiff's allegations above, which are uncontroverted by Cowley's affidavit, are sufficient to demonstrate venue in this District is appropriate under § 1391(b)(2).[34]

Defendant argues that it would be unreasonable for this Court to exercise personal jurisdiction, despite its minimum contacts with the State of Kansas. Once a plaintiff has made a minimum contacts showing, a defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable."[35] This requires the weighing of the following factors: (1) the burden on defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies.[36] Further, in this second step of the analysis, the court should consider the strength of

---

[34]Defendant refers to the § 1391(b) subsections as "factors." These are not factors; they are independent grounds for determining venue.

[35]*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

[36]*Employers Mut. Cas. Co.*, 618 F.3d at 1161.

the defendant's minimum contacts.[37] If these factors are strong, they may serve to establish the reasonableness of jurisdiction even if plaintiff's showing of minimum contacts is weak.[38] Given the strength of minimum contacts in this case, the Defendant's burden to show unreasonableness is heavy. Although Defendant's principle place of business is in Jefferson City, Missouri, it has a distribution center in Lenexa, Kansas. Thus, the burden on Defendant to travel to neighboring Kansas where it already conducts part of its business is low. Kansas has an interest in resolving this dispute to the extent the alleged discriminatory and retaliatory conduct occurred in Kansas. Defendant provides no reason why it could not obtain effective and convenient relief in Kansas versus Missouri federal court. And Defendant can point to no substantive social policies that would render jurisdiction over Defendant in Kansas unreasonable. The Court easily finds that subjecting Defendant to personal jurisdiction in Kansas would not offend due process.

B.      Motion to Transfer Venue under 28 U.S.C. § 1404(a)

In the alternative, Defendant asks the Court to transfer this matter to the Western District of Missouri, Central Division. 28 U.S.C. § 1404(a) allows the Court to transfer a case to any district where it might have been brought "for the convenience of the parties and witnesses" and "in the interest of justice."[39] The parties do not dispute that this matter could have been brought in the Western District of Missouri. In determining whether to grant a motion to transfer, this Court considers the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and
> other sources of proof, including the availability of compulsory
> process to insure attendance of witnesses; the cost of making the
> necessary proof; questions as to the enforceability of a judgment if
> one is obtained; relative advantages and obstacles to a fair trial;

---

[37]*TH Agrig. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007).

[38]*OMI Holdings, Inc. v. Royal Ins. Co*, 149 F.3d 1086, 1095 (10th Cir. 1998); *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005).

[39]28 U.S.C. § 1404(a).

> difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[40]

Here, Plaintiff's choice of forum carries little weight because he is not a resident of the State of Kansas.[41] In the Tenth Circuit, the convenience of witnesses is the single most important factor in deciding a motion to transfer.[42] The movant has the burden to demonstrate inconvenience by: (1) identifying witnesses and their locations; (2) indicating the materiality of their testimony; and (3) showing that the witnesses are unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary.[43] Some of the facts giving rise to this litigation occurred in Missouri, Plaintiff drives his company vehicle to his home in Missouri each evening, Defendant's employment and business decisions are made in Jefferson City, Missouri, and Plaintiff's employment records are maintained in Missouri.

Defendant has met its burden of demonstrating through Cowley's affidavit that litigating this case in the Central District of Missouri would be more convenient, and that transfer is in the interest of justice. There is already a pending separate case over alleged unpaid wages in that court being litigated between these parties. Plaintiff does not object to transfer. Thus, this Court will grant Defendant's motion to transfer this matter to the Western District of Missouri, Central Division.

---

[40]*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

[41]*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010).

[42]*Id.* (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

[43]*Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to File First Amended Complaint (Doc. 11) is **granted**. The Clerk is directed to file Plaintiff's proposed Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 9) is **moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Response to Defendant's Reply to Plaintiff's Suggestions in Opposition to Defendant's Motion to Dismiss (Doc. 16) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Improper Venue or in the Alternative to Transfer (Doc. 13) is **granted in part and denied in part**. The motion to dismiss is denied and the motion to transfer is granted. This case is hereby transferred to the United States District Court for the Western District of Missouri, Central Division.

**IT IS SO ORDERED.**

Dated: September 20, 2017

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE